IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **DELMOND CORNELL COZART** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **Case No. 25-CV-0356-GKF-JFJ** |
| | ) | |
| **WILLIAM CHRIS RANKINS, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**OPINION AND ORDER**

Petitioner Delmond Cornell Cozart ("Cozart"), an Oklahoma prisoner appearing *pro se*, seeks federal habeas relief under 28 U.S.C. § 2254, asserting he is in state custody in violation of federal law pursuant to the criminal judgment entered against him in Tulsa County District Court Case No. CF-2022-1717. *See* Dkts. 1 and 14. Cozart raises four (4) grounds for habeas relief. Dkt. 1 at 7-8.[1] Respondent William Chris Rankins, by and through the Attorney General of the State of Oklahoma, Gentner F. Drummond, moves to dismiss the Petition, arguing Cozart failed to file the Petition within the one-year limitations period prescribed in U.S.C. § 2244(d)(1). Dkts. 32 and 33. The Court considered the Petition (Dkts. 1 and 14), Respondent's Motion to Dismiss (Dkt. 32) and Brief in Support (Dkt. 33), Cozart's Reply to Respondent's Motion to Dismiss (Dkt. 37), and applicable law. For the reasons discussed below, the Motion to Dismiss is granted and the Petition is dismissed as barred by the applicable statute of limitations.

### I.   Background

Cozart pled no contest to four (4) counts of lewd molestation and one (1) count of using technology to engage in sexual communication with a minor. Dkt. 33-1. Cozart entered his plea on April 6, 2023, and was sentenced the same day. *Id.* Cozart was sentenced to twenty (20) years

---

[1] The Court's citations refer to the CM/ECF header pagination.

in the custody of the Department of Corrections with the first twelve (12) years to be served in custody, and the last eight (8) years to be suspended. *Id.* at 1. Cozart filed a motion for extension of time to seek post-conviction relief on April 26, 2024. Dkt. 33-2. Cozart moved to withdraw his plea out of time on May 14, 2024. Dkt. 33-3. The state district court construed the motion to withdraw plea as an application for post-conviction relief and denied the same on May 21, 2024. Dkt. 33-4. Between June 10, 2024, and July 16, 2025, Cozart endeavored to obtain relief from the state courts. *See* Dkts. 33-5 through 33-33. When these efforts proved unsuccessful, Cozart filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 in the United States District Court for the Western District of Oklahoma on March 6, 2025.[2] Dkt. 1. Cozart amended his Petition to a "petition under § 2254" on June 16, 2025. Dkt. 14. The matter was then transferred to the United States District Court for the Northern District of Oklahoma. Dkt. 19.

Cozart raises the following grounds of error: (1) lack of jurisdiction, ineffective assistance of counsel, and judicial bias; (2) unconstitutional warrant based on perjury; (3) arraignment and plea of not guilty taken without Cozart's presence; and (4) invalid plea agreement. Dkt. 1 at 7-8. Respondent contends Cozart's Petition is untimely pursuant to 28 U.S.C. § 2244(d)(1), Cozart is not entitled to equitable tolling, and Cozart cannot avail himself to the actual innocence gateway. Dkt. 33.

---

[2] Cozart's Petition was received by the Clerk of Court on March 12, 2025. Dkt. 1 at 1. However, because there is evidence showing he placed the Petition in the prison's legal mail system on March 6, 2025, the Court deems the Petition filed March 6, 2025. *Id.* at 9; *see also* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

## II.    Analysis

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), state prisoners have one (1) year from the latest of four (4) triggering events in which to file a federal habeas petition. 28 U.S.C. § 2244(d)(1).  These events include:

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; [and]
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)-(D).  The one-year limitations period generally runs from the date the judgment became "final" under § 2244(d)(1)(A), unless a petitioner alleges facts that implicate § 2244(d)(1)(B), (C), or (D).  *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).[3]

### A.  28 U.S.C. § 2244(d)

As outlined above, Cozart was sentenced on April 6, 2023.  Dkt. 33-1.  He did not timely file an application to withdraw his plea as required by Oklahoma law.  *See* Rule 4.2(A), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2021).  His conviction thus became final on April 17, 2023.[4]  *See Jones v. Patton*, 619 F. App'x 676, 678-79 (10th Cir. July

---

[3]  Cozart did not allege any facts triggering §§ 2244(d)(1)(B), (C) or (D).  *See* Dkts. 1 and 14. Therefore, the Court does not analyze these subsections.

[4]  Cozart's ten (10) days to withdraw his plea technically elapsed April 16, 2023.  Since April 16, 2023, was a Sunday, Cozart's time to withdraw his plea extended to Monday, April 17, 2023.

15, 2015)[5] (finding for purposes of the limitations period under 28 U.S.C. § 2244(d), an Oklahoma conviction following a guilty plea became final ten days after entry of the judgment and sentence).[6] Cozart's one-year period to file a petition for writ of habeas corpus began April 18, 2023, and, absent statutory tolling, expired April 18, 2024. Therefore, absent any tolling events, Cozart's March 6, 2025 Petition is untimely under 28 U.S.C. § 2244(d)(1)(A).

Under 28 U.S.C. § 2244(d)(2), the limitations period is statutorily tolled during the pendency of any "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2). This statutory tolling provision does not apply to state petitions for post-conviction relief filed beyond the one-year limitations period prescribed by the AEDPA. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Cozart filed a Motion to Withdraw Plea, which the state district court construed as his first application for post-conviction relief, on May 14, 2024. Dkts. 33-3 and 33-4. This application did not toll the applicable statute of limitations because it was filed after April 18, 2024. *Clark*, 468 F.3d at 714. Therefore, Cozart is not entitled to any statutory tolling, and his March 6, 2025 Petition is untimely.

### B. Equitable Tolling

While the one-year statute of limitations also may be subject to equitable tolling, equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the

---

[5] The Court cites all unpublished decisions herein as persuasive authority. FED. R. APP. P. 32.1(a); 10th Cir. R. 32.1(A).

[6] Cozart contends in his Reply he had ninety (90) days to file a writ of certiorari with the United States Supreme Court thereby giving him the benefit of statutory tolling. *See* Dkt. 37 at 16-22. This premise is misplaced. "Final judgments or decrees by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari[.]" 28 U.S.C. § 1257. Cozart acknowledges he did not seek direct review from the state court. Dkt. 37 at 17. Accordingly, he did not have ninety (90) days to seek a writ of certiorari.

failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Moreover, a petitioner's "burden in making this demonstration is a heavy one: [federal courts] will apply equitable tolling only if he is able to show specific facts to support his claim of extraordinary circumstances and due diligence." *Vigil v. Jones*, 302 F. App'x 801, 804 (10th Cir. 2008) (internal quotations omitted) (quoting *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008)).

Cozart does not address the timeliness of his Petition. *See* Dkts. 1 and 14. Liberally construing his Petition, Cozart may be seeking equitable status based on his *pro se* status. *See* Dkt. 1 at 8 (Cozart notes he "had to study the law on my own and found out lat[]er after the 1st pro se appeal I submitted that all the other constitutional wrongs to the federal constitution [o]ccurred."). However, unfamiliarity with the law does not entitle a habeas petitioner to equitable tolling. *See Marsh,* 223 F.3d at 1220 ("ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse prompt filing."). Beyond this one passing reference to learning the law, Cozart fails to demonstrate extraordinary circumstances beyond his control impeded him from timely filing the instant Petition. Nor does Cozart establish he exercised due diligence during the applicable one-year period. For these reasons, Cozart is not entitled to equitable tolling, and his March 6, 2025 Petition, filed beyond the AEDPA statute of limitations deadline, is time-barred.

### C.  Actual Innocence

In his Reply, Cozart raises an actual innocence gateway claim. Dkt. 37 at 3, 11-15. The Tenth Circuit recognizes the "fundamental miscarriage of justice exception" is "commonly known as a showing of actual innocence[.]" *Fontenot v. Crow*, 4 F.4th 982, 1028 (10th Cir. 2021). To avail himself to this exception a petitioner must make a colorable showing of factual innocence, not legal innocence. *Beavers v. Saffle*, 216 F.3d 918, 923 (10th Cir. 2000); *Klein v. Neal*, 45 F.3d

1395, 1400 (10th Cir. 1995). Successful actual innocence claims are rare due to the demanding evidentiary requirements for such claims. *McQuiggin v. Perkins*, 569 U.S. 383, 386 and 401 (2013); *House v. Bell*, 547 U.S. 518, 538 (2006). "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 536-37 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *accord McQuiggin*, 569 U.S. at 399 (applying the same standard to petitions asserting actual innocence as a gateway to raise habeas claims that are time-barred under § 2244(d)(1)). "To be credible, a claim of actual innocence requires a petitioner to present 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'" *Fontenot*, 4 F.4th at 1031 (quoting *Schulp*, 513 U.S. at 324).

Cozart has not satisfied the demanding requirements of the actual innocence gateway. Cozart takes issue with his incomplete plea paperwork and alleged inconsistencies between the Probable Cause Affidavit and the Judgment. *See* Dkt. 37 at 11-15; *see also id.* at 29-31 and Dkt. 33-1. Cozart also claims a statement in the Probable Cause Affidavit wherein the victim initially denied knowing Cozart, despite later acknowledging she did know him and had engaged in sexual acts with him and inculpatory text messages between Cozart and the victim, establishes his factual innocence. Dkt. 37 at 12, *see also id.* at 29-31. Finally, Cozart claims the state district judge was conflicted because he issued the warrant for Cozart's arrest and presided over his criminal proceedings. *See* Dkt. 37 at 13-15. Contrary to Cozart's position, none of these allegations establishes his innocence. Furthermore, Cozart fails to provide the Court with any new, reliable evidence sufficient to utilize the actual innocence gateway; Cozart relies instead on his own self-

serving allegations. *Fontenot*, 4 F.4th at 1031. Accordingly, Cozart cannot proceed through the actual innocence gateway, and his Petition is time-barred.

### III.     Conclusion

The Court finds and concludes Cozart cannot obtain federal habeas relief under 28 U.S.C. § 2254. Cozart's Petition is time-barred and Cozart cannot avail himself to equitable tolling or the actual innocence gateway. The Court therefore dismisses the Petition. The Court further concludes no certificate of appealability shall issue because no reasonable jurists would debate the dismissal of the Petition on statute-of-limitations grounds. 28 U.S.C. § 2253(c); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS THEREFORE ORDERED** that the Motion to Dismiss (Dkt. 32) is **granted**; the Petition (Dkts. 1 and 14) is **dismissed**; a certificate of appealability is **denied**; and a separate judgment of dismissal shall be entered in this matter.

**IT IS FURTHER ORDERED** that Cozart's two-part Motion for Evidentiary Hearing and Motion for Appointment of Counsel (Dkt. 38) and Motion for Release Pending Appeal Bond (Dkt. 41) are **denied as moot**.

**DATED** this 23rd day of April, 2026.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE

7